IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAWN BALL, | CV-19-00004-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CHIEF MEDRED and C/O HORN, | |
| Defendants. | |

Plaintiff Shawn Ball, a federal inmate proceeding in forma pauperis and without counsel, filed a Complaint under 42 U.S.C. § 1983 alleging Defendants violated his Eighth Amendment rights during his incarceration at Crossroads Correctional Center.  (Doc. 2.)

**I.  SCREENING STANDARD**

Because Mr. Ball is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680.  There is a two-step procedure to determine whether a complaint's allegations cross that line.  *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.  First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic

2

recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## II. ANALYSIS

Mr. Ball alleges that on January 5, 2019, Defendants placed him in general

3

population where he was singled out because of the sexual nature of his charges and attacked by other inmates. He claims Defendants failed to protect him. (Complaint, Doc. 2 at 8.)

Mr. Ball lists 42 U.S.C. § 1983 as the basis for jurisdiction in this case. (Complaint, Doc. 2 at 6, ¶ II.) The Court, however, takes judicial notice of the docket in Mr. Ball's criminal case, Criminal Action No. 18-cr-00112-BLG-SPW which indicates that he was taken into federal custody on September 20, 2018. Because Mr. Ball was in federal custody at all times giving rise to his allegations, his claims arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006). *Bivens* provides for a private cause of action for damages to proceed against federal actors for constitutional torts. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (*citing Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).

Crossroads is a private prison where Mr. Ball was incarcerated presumably under an agreement with the United States Marshals. Accordingly, although the Crossroads' employees are private individuals, they are considered federal actors rather than state actors for purposes of this case. *Pollard v. GEO Group, Inc.*, 607 F.3d 583, 588–89 (9th Cir. 2010), *rev'd on other grounds sub nom. Minneci v.*

*Pollard*, 132 S.Ct. 617 (2012); *see also Lugar v. Edmondson Oil Co., Inc.*, 457

U.S. 922, 940–41 (1982); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639

F.3d 916, 922 (9th Cir. 2011).

Normally an action for constitutional violations committed by federal actors

can be brought under *Bivens*, however, the United States Supreme Court has made

clear that a prisoner cannot assert an Eighth Amendment *Bivens* claim for

damages against private prison employees. *Minneci v. Pollard*, 565 U.S. 118, 132

S.Ct. 617, 181 L.Ed.2d 606 (2012). In *Minneci*, the U.S. Supreme Court

considered whether a *Bivens* action based on the Eighth Amendment was available

against employees of a privately operated federal prison. The plaintiff in *Minneci*

was a prisoner at a federal facility operated by a private company and filed an

Eighth Amendment claim against the prison medical staff. *Id.* at 121. The Court

held that a person cannot assert an Eighth Amendment *Bivens* claim based on

insufficient medical treatment against employees of a private prison. *Id.* at 131.

The Court noted that a *Bivens* action will not succeed when there is an existing

alternative process that provides adequate protection. *Id.* at 118, 120-121 (*citing*

*Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

In Montana, state tort law provides for ordinary negligence actions. A

negligence claim depends upon establishment of a legal duty on the part of the

defendant, breach of that duty, causation, and damages. *Lopez v. Great Falls Pre–Release Services*, 1999 MT 199, ¶ 18, 295 Mont. 416, 986 P.2d 1081. Determination of the existence of a duty is an issue of law. *Lopez,*¶ 31. Under the public duty doctrine, a government officer may have an actionable duty to a particular individual where the government has actual custody of the plaintiff or of a third person who harms the plaintiff. *Gonzales v. City of Bozeman*, 352 Mont. 145, 150, 217 P.3d 487, 491, 2009 MT 277 (2009).

In this case, Mr. Ball attempts to bring a *Bivens* action against defendants who are employees of Crossroads Correctional Center, a private company. Although his claims arise under the Fourteenth Amendment as opposed to the Eighth Amendment because he was a pretrial detainee, the holding in *Minneci* still applies. As there are state tort laws that provide adequate remedies against employees of private prisons, the Court should dismiss this federal action for a constitutional claim of failure to protect.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ball may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of May, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Ball is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.